### No. 14,360.

### STATE OF LOUISIANA VS. ROBERT J. WILSON.

#### SYLLABUS.

1. The law of Louisiana makes no distinction between larceny from the person and larceny otherwise than from the person. The thief who secretly steals money by picking the pocket of the owner is as much guilty of larceny as though he had stolen it otherwise than from the person of the owner.

APPEAL from the Criminal District Court, Parish of Orleans— *Baker, J.*

---

*J. Ward Gurley,* District Attorney of the Parish of Orleans, for Plaintiff, Appellee.

*John J. Reilly* and *James O'Connor,* for Defendant, Appellant.

The opinion of the Court was delivered by

BLANCHARD, J.   Defendant was charged, by bill of information, with petit larceny, tried by jury, convicted, and sentenced to imprisonment at hard labor 'for two years.

He appeals.

The specific offense averred against him was that he feloniously did steal, take and carry away seventy-six dollars in lawful money of the United States, the property of one J. J. Bender.

The case comes here on a bill of exceptions taken to the ruling of the trial Judge declining to grant a new trial.

From a statement of facts embodied in the bill it is learned that the evidence adduced oh the trial showed the money was stolen by the accused from Bender—secretly abstracted from his pocket—while he was riding on a street car.

The point made in the bill and at the  bar is that the money having been taken from *the person* of the prosecuting witness, a verdict of guilty on an information charging the crime of simple larceny is contrary to law.

It is contended that petit larceny is a felony—made such by our statute; whereas, taking money from the person is a misdemeanor—made such by another statute; and that defendant was found guilty of the first and sentenced to the penalty prescribed for such felony, while in point of law, bearing on the facts admitted, he was guilty only of the second—the lesser offense—and should have been sentenced as for the misdemeanor.

In its last analysis, the contention is, that the taking of the money secretly from the pockets of the clothes worn by the prosecuting witness is not larceny, but a lesser crime.

In support of this, reference is made to Section 811 of the Revised Statutes, which reads as follows:

Whoever shall be found guilty of attempting to rob from the person of another money or other property, by cutting or tearing the clothes, thrusting the hand into the pockets, or othewise, though he do not succeed in such attempted robbery, shall, on conviction, be sentenced to imprisonment not less than six months, nor more than two years, and fined not exceeding five hundred dollars.

It is urged that the accused, under the admitted facts, if guilty at all was guilty under this statute, and it was an error to refuse a new trial

on a conviction under the statute denouncing a penalty against simple larceny.

Reliance is had upon King vs. State, 54 Ga. 184 (Am. Crim. Rep., Vol. 1, 426), but that case is not found to be in point because of difference between the Georgia statute and our own.

One section of the Code of Georgia declares that if any person shall take and carry away any bond, note, bank bill or due bill, or paper or papers, securing the payment of money, etc., with intent to steal the same, such person shall be guilty of simple larceny. By another section of the same Code, theft or larceny *from the person* is defined to be the wrongful and fraudulent taking of money, goods, chattels or effects, or any article of value, from the person of another privately, · without his knowledge, with intent to steal the same.

"Simple larceny" and "larceny from the person," therefore, are in Georgia distinct offenses. Not so with us. Larceny, here, *is larceny,* pure and simple, whether the thing taken be abstracted from the clothes worn by the owner, or elsewhere than from his person, so that there be a felonious stealing, taking and carrying away. And by Section 810 of the Revised Statutes the robbery or larceny of money is punished in the same way as the robbery or larceny of goods and chattels.

We have a statute denouncing penalties against the crime of larceny; another denouncing a penalty against the crime of robbery; and still another denouncing a penalty for *attempting to rob* from the person of another money or other property. This last is the one hereinbefore quoted.

It will be noted it is confined to attempts *to rob* from the person. Nothing is said of attempts to *steal* from the person.

Robbery and larceny are distinct crimes. The first is accomplished through violence or a putting in fear. So with an attempt to rob from the person of another. It is something more than attempting *secretly* to steal from the person. It carries with it the idea of violence or a putting in fear and the attempt to take something of value under these circumstances.

If the law-maker had intended the statute to apply to attempts *to steal* from the person, as well as to rob from the person, he would have said so.

In the instant case, the charge was stealing money belonging to another. The proof was the money was stolen from the clothes worn by

the owner. In other words, his pocket was picked. This was larceny and the verdict so declaring was legal, as was, likewise, the imposition of the penalty as for larceny.

Judgment affirmed.