(138 So. 106)

**STATE v. MACK.**

No. 31,412.

Nov. 3, 1931.

Chris Barnette, of Shreveport, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and James U. Galloway, Dist. Atty., and Nash Johnson, Asst. Dist. Atty., both of Shreveport, for the State.

O'NIELL, C. J.

The defendant was convicted of the crime of stealing money from the person of another, and sentenced to imprisonment in the penitentiary. After the verdict was rendered, and before the sentence was pronounced, she filed a motion in arrest of judgment, pleading that there was no statute defining the offense of stealing from the person, or declaring it a crime to steal money or property from the person of another. She pleaded also that if Act 40 of 1914, under which she was convicted, could be construed as defining the crime of stealing from the person, or as declaring it a crime to steal from the person of another, the statute would be violative of the provision in section 16 of article 3 of the Constitution, that every statute shall have a title indicative of its object. The district judge overruled the motion, and the defendant's attorney took a bill of exceptions. That is the only bill of exceptions in the record.

Act 40 of 1914, p. 104, is an amendment and re-enactment of section 1 of Act 133 of 1904, p. 302, entitled "An Act to provide a penalty for the crime of stealing or attempting to steal from the person of another, when such theft does not in law amount to robbery, or such attempt, to an assault with intent to rob." The statute declares merely that whoever shall steal from the person of another, when such theft does not in law amount to robbery, or shall attempt to steal from the person of another, when such attempt does not in law amount to an assault with intent to rob, shall, on conviction, be imprisoned, with or without hard labor, for a term not exceeding five years. The language of the act of 1904 was exactly the same, except that the

penalty was imprisonment at hard labor for the term not exceeding five years.

■ It was not necessary for the statute to define the crime of stealing from the person. That is one of the forms of larceny. Until it was graded or classified as a special offense, as it was by section 5 of Act 107 of 1902, p. 162, it was subject to the same punishment as any other form of larceny. State v. Wilson, 107 La. 344, 31 So. 759. Theretofore, under section 811 of the Revised Statutes, "attempting to rob, from the person" was subject to a special penalty; but larceny from the person, or stealing from the person, was subject to the same punishment as any other form of larceny. Larceny is one of the common-law crimes for which a penalty was imposed by the original statute providing "for the punishment of crimes and misdemeanors," Act of May 4th, 1805, c. 50, § 9. In the 33d section of the act, the Legislature adopted the common-law definition of every common-law crime for which a penalty was prescribed by the preceding sections of the act. State v. Smith, 30 La. Ann. 846. Hence it was not necessary to define larceny in any subsequent statute. Section 5 of Act 107 of 1902, p. 162, prescribed a special penalty for "theft from the person of another." Perhaps that is why Act 133 of 1904 and Act 40 of 1914 dealt with the crime as being already denounced as a crime. The term "theft from the person," or "stealing from the person," needs no better definition than the words convey. It would be difficult, if not impossible, to define the term in words of plainer meaning. The statute is valid in that respect.

■ There is no merit in the complaint that the statute does not, in terms, declare that it is a crime to steal from the person of another. The declaration that whoever shall steal from the person of another shall, on conviction therefor, be imprisoned, etc., amounts to a declaration that it is a crime to steal from the person of another. In that respect the title of the statute is indicative of its object, and therefore complies with the requirement of section 16 of article 3 of the Constitution.

The verdict and sentence are affirmed.