ODOM, J.
 

 These defendants were prosecuted in the mayor’s court of Ponchatoula under an affidavit charging that they “did wilfully, maliciously and unlawfully disturb the peace in violation of Town Ordinance No. 13, Sec. 1 thereof, against the peace and dignity of the Town of Ponchatoula.”
 

 Section 1 of the ordinance under which they were prosecuted reads as follows:
 

 “Be it ordained by the Mayor and Board of Aldermen of the Town of Ponchatoula, that from and after the passage of this ordinance, it shall be unlawful for any person within the corporate limits of the Town of Ponchatoula to engage in a fight or in any manner disturb the Peace.”
 

 Before 'arraignment, defendants moved to quash the affidavits on various grounds, but abandoned all of them except the following:
 

 
 *827
 
 “1. That the ordinance does not define, nor attempt to define, what act shall constitute a disturbance of the peace and that it is incompetent for an ordinance or a law to denounce a crime or misdemeanor without defining what act shall constitute such crime of misdemeanor.”
 

 “2. That the alleged offense with which the defendants are charged does not constitute any crime under the ordinances of Ponchatoula nor the laws of Louisiana.”
 

 “3. That for the foregoing reasons and for other reasons urged in the motion to quash, the ordinance is unconstitutional, illegal, null and void.”
 

 The motion to quash the affidavits was overruled, and defendants reserved bills. They were tried, convicted, and sentenced. Hence this appeal.
 

 The ordinance under which defendants were prosecuted merely provides that it shall be unlawful for any person to fight or otherwise disturb the peace within the limits of Ponchatoula. These defendants were prosecuted for disturbing the peace. The first objection raised is that the ordinance does not define the offense of disturbing the peace; that is, does not set out what acts shall constitute a disturbance of the peace.
 

 It was not necessary that the ordinance define the offense, for the reason that no better definition for the offense could be found than that contained in the ordinance itself. To disturb means to agitate, to arouse from a state of repose, to molest, to interrupt, to hinder, to disquiet. If the framers of the ordinance had attempted to define the word “disturb,” they could have done no better than to say that the word means to agitate, arouse, perplex, or disquiet. But why attempt a definition when each of those words has practically the same meaning as the word “disturb?”
 

 In the ease of State v. Lemon Mack (La. Sup.) 138 So. 106,
 
 [1]
 
 decided November 3, 1931, the defendant was prosecuted for the crime of stealing money from the person of another, as denounced by Act 40 of 1914. The contention there made was that neither that statute nor any other law defined the offense., of stealing from the person. As to that plea, the court said: “The term ‘theft from the person,’ or ‘stealing from the person,’ needs' no better definition than the words convey. It would be difficult, if not impossible, to define the term in words of plainer meaning.”
 

 It is further contended that the ordinance should have specified the particular acts necessary to be done in order to consti-’ tute a disturbance of the peace. It would be difficult indeed to specify in an ordinance all the different acts by which the peace and quiet of the inhabitants of a town might be disturbed. A disturbance of the peace may be created by any act or conduct of a person which molests the inhabitants in the enjoyment of that peace and quiet to which they are entitled, or which throws into confusion things settled, or which causes excitement,’ unrest, disquietude, or fear among persons of ordinary, normal temperament. Such acts to come within the purview of the ordinance must be voluntary, unnecessary, and outside or beyond' the ordinary course of human conduct.
 

 It is contended by counsel for defendant that a penal statute which does not define the crime or offense denounced is unconstitutional, .unless such crime or offense has a well-recognized common-law definition,such as murder, manslaughter, rape, robbery, or larceny, and they point out that a disturbance of the peace is not a common-law offense.
 

 
 *829
 
 This court has held, however, over and over again, that a penal statute is not necessarily unconstitutional because it fails to define the crime denounced.
 

 Act 34 of 1902, p. 42, makes it a misdemeanor for any person to desert or willfully neglect to provide for the support of his wife or minor child “without just cause.”
 

 In the case of State ex rel. Mioton v. Baker, Judge, 112 La. 801, 36 So. 703, 704, it was held that the statute was not void because it failed to define “just cause.” The court said:
 

 “ ‘Just cause’ means ‘lawful ground.’ Hence, whether a man has ‘just cause’ to desert his wife, or to refuse to support her, is a question of law to be determined by the court.”
 

 In State v. Rose, 147 La. 245, 84 So. 643, 647, the court reaffirmed its ruling in the Mioton Case, and further said:
 

 “It was there, held (referring to the Mioton Case) to be properly within the province of the trial judge to decide whether any particular case of desertion or nonsupport was ‘without just cause.’ ”
 

 In State v. Rose, 147 La. 243, 84 So. 643, it was held that Act 199 of 1912, declaring that any place where “lewd” dancing is permitted is a disorderly house, is valid, even though it contains no definition of the word “lewd.”
 

 In that case, the court cited and reviewed many decisions which are pertinent to the point raised in the case at bar, among them being that of City of Shreveport v. Fanny Roos, 35 La. Ann. 1011, where it was held that a city ordinance denouncing as a criminal offense “the keeping of a bawdyhouse in a disorderly and indecent manner” was not invalid merely because “it did not undertake to specify what particular facts or circumstances should render a bawdyhouse disorderly or indecent, but left it to the discretion of the magistrate to determine whether the circumstances or conditions prevailing in any particular bawdyhouse should be deemed disorderly or indecent.” Quotations from State v. Rose, supra.
 

 The second objection is that the alleged offense with which defendants are charged does not constitute any crime under the ordinances of Ponchatoula nor the laws of Louisiana. The ordinance itself provides that it shall be unlawful for any person within the said town to disturb the peace. It is not suggested that said ordinance was not properly adopted or that the town had no authority to adopt it. It therefore cannot be said that the offense for which these defendants were prosecuted is not denounced by an ordinance of the town.
 

 As to whether the offense of disturbing the peace is denounced by any law of the state is not material. Act 136 of 1898, which applies to all municipal corporations not incorporated under special acts, provides, in section 15, that the mayor and board of aldermen shall have power to enact ordinances “for the purposes hereinafter named,” among them being (paragraph 13) “to make all needful police regulations necessary for the provisions of good order and the peace of the municipality.” The adoption and enforcement of ordinances of this kind are clearly within the police power of municipalities. The police power of a municipality covers a wide range, and especially whatever affects the peace, security, health, morals, and general welfare of the community, and may, in the absence of constitutional restriction, be delegated to municipalities by the state. The power to adopt ordinances such as the one here involved is specifically
 
 *831
 
 delegated to all municipalities by the state under Act 136 of 1898.
 

 The ordinance under which defendants were convicted is valid.
 

 Judgment affirmed.
 

 [1]
 

 173 La. 571.