## THE STATE *v.* THOMAS C. CHEEVERS.

A person cannot be twice tried for the same acts; and where there were two indictments against a prisoner for the same acts, one charging him with having committed a grievous assault, and the other for putting out an eye of another person, a trial and conviction for the first offence is a bar to a trial for the second.

APPEAL from the District Court of Assumption, *Randall,* J.   *G. C. Raby,* District Attorney, for the State.   The judgment of the court *(Slidell,* J., absent,) was pronounced by

PRESTON, J.   On the 18th of March, 1851, the grand jury of the Parish of Assumption found two bills of indictment against the defendant, one for striking, beating, wounding and bruising *James Dailey,* and one for putting out the eye

of *Dailey*. Both acts were charged to have been done on the 21st of December, 1850.

The accused was tried and found guilty of the assault and battery, and, in fact, the court, in passing sentence upon him, gave as a reason for inflicting a severe punishment, that the evidence showed a grievous injury to the person of *Dailey*, in depriving him of the sight of his right eye.

The district attorney, however, between the conviction and sentence for the assault and battery, caused the accused to be arraigned on the indictment for putting out the eye. The accused, by his counsel, plead in bar to this prosecution, his trial and conviction for the assault and battery, and set out, minutely, the acts charged in the first indictment, to show that they were the same with those charged in the second, and averred that, in point of fact, they were the same, and that the evidence which might be given to support this indictment, would be sufficient to convict him of the assault and battery. He offered, further, to prove that the acts and facts proved on the trial of the first indictment, were the same charged in the second.

The district attorney demurred to the plea; the court overruled the demurrer, sustained the plea, and the State has appealed.

The demurrer admitted that the accused, having been tried and convicted of a lesser offence, was prosecuted, on the same facts, for a greater offence.

( The Constitution of the United States provides, that no person shall be twice put in jeopardy, of life or limb, for the same offence. This is not, perhaps, applicable, as a constitutional principle, to offences against a State; yet, it is but the enunciation of a well established common law principle, and, as such, is expressly adopted by our statute of 1805. The term limb, in this part of our constitution and laws, is a typical expression for punishment, and offence, in the connection, means not the technical name of the crime, but a criminal act; and the principle is, that no man shall be punished twice for the same criminal act. The attempt of the State, to prosecute the accused a second time for the same criminal act, is clearly a violation of this principle. )

There is authority to this effect : In the case of *The State of Connecticut* v. *Shepherd*, the prisoner was prosecuted and convicted of an attempt to commit a rape. It appeared, on trial, that he had actually committed a rape, and it was urged by his counsel, in support of an application for a new trial, that he should not have been convicted of the attempt, as the lesser was merged in the greater crime. The new trial was refused, Judge Daggett, a distinguished jurist, laying down as the basis of the opinion, in which the Supreme Court concurred, that a conviction or acquittal, in a prosecution for an attempt to commit a rape, would be a bar to a prosecution for the rape, and said that it was repugnant to the well settled principles of law, that a prisoner should be tried twice for the same facts. )

An acquittal of a servant, charged with murder in killing his master, at common law, bars a prosecution for petit treason for the same act. 2 Hale's Pleas of the Crown, 246.

A conviction of manslaughter, is a good plea against a prosecution for murder, (4 Coke's Rep., 466,) because, says Coke, the prisoner cannot be tried again for the same death.

It is evident, the district attorney tried the accused for an assault and battery, from an apprehension that he might not be able to convict him of the maiming, on account of the difficulty of showing the malice essential, by the statute, to constitute the last offence. We think he might have accomplished his object, by

STATE
*v.*
CHEEVERS.

STATE
v.
CHEEVERS.

insisting in the prosecution for the maiming; that if the the jury were unable to find the malice, they should convict for the assault and battery, necessarily implied in the greater charge. Even if the prisoner was *actuated by the malice* supposed, it is better he should escape punishment, than to violate principles which have a strong hold upon the affections of a humane and free people.

The judgment of the district court is affirmed, with costs.