The opinion of the court was delivered by
Breaux, J.
The defendant was found guilty by the Mayor’s Court of carrying a concealed weapon, and was condemned to pay a fine of eight dollars.
He appeals, and urges as grounds to annul and set aside the sentence that municipal corporations have no power to denounce and punish a crime denounced and punished under the law of the State.
That the case is one to which the trial by jury extends.
That See. 932 of the Revised Statutes provides a punishment for the crime charged, from which the ordinance of the town of Opelousas, on the same subject matter, differs in letter and spirit, and is, in consequence, null and void.
MINOR OFFENCES DENOUNCED BY STATUTE MADE THE SUBJECT OF POLICE REGULATIONS BY MUNICIPAL CORPORATIONS.
The first question presented relating to the extent of municipal authority over crimes is not, with us, of first impression.
The point was considered in the case of State vs. Fourcade, 45 An. 717.
It was an issue in the case of State vs. Clifford, 45 An. 980, in which we held that in view of the necessity of maintaining peace and good order within the limits of municipalities under a sufficient legislative grant of power, municipal corporations may adopt ordinances to that end.
At our term in Monroe, recently held, the question was presented and the cited cases were reaffirmed. City of Monroe vs. Hardy, ante, p. 1232.
MINOR AND PETTY OFFENCES VIOLATING THE CITY CHARTER.
The general principles apply only to violations of municipal laws proper and such as fall within the description of municipal police regulations; these prosecutions are limited to certain minor and petty offences.
*1366 Mr. Cooley in his work on Constitutional Limitations, p. 241, says: “Municipal by-laws must also be in harmony with the general laws of the State, and with the provisions of the municipal charter. The charter may allow the corporation to pass local laws, but the State laws and the by-laws may both stand together if not inconsistent. Indeed, an act may be a penal offence under the laws of the State, and further penalties, under proper legislative authority, be imposed for its commission by municipal by-laws, and the enforcement of the one would not preclude the enforcement of the other.”
The decisions in different jurisdictions are not uniform. But we have no less an authority than Judge Cooley, who says that the clear weight of decisions support the proposition that though the Legisture have passed a law regulating as to certain things in a city, the corporations are not thereby restricted from making further regulations.
Erom Dillon on Municipal Corporations, p. 367, we quote: “Where the act is in its nature one which constitutes two offences, one against the State and one against the municipal government, the latter may be constitutionally authorized to punish it, “though it be also an offence under the State law.”
Both reason and authority are on the side favorable to extending to municipalities a reasonable measure of power to enable them to maintain peace and order within their limits.
VIOLATORS OP ORDINANCES NOT TRIABLE BY JURY.
The summary trial without the verdict of a jury for disorderly conduct is not a violation of any of the constitutional rights of the defendant. Cases of tire contempt of court are never triable by jury. Its punishment involves fine and imprisonment. There are other charges of minor importance involving the penalty of a fine or imprisonment not triable by jury. The doctrine in this State has always been considered settled that municipal corporations are not within the constitutional guaranty of jury trial; that violators of the ordinances of the corporation, where the Mayor is authorized to impose a fine, may be sentenced without a jury.
Police powers are exercised in all the States for the repression of breaches of the peace and petty offences and the statutes are not .taken as conflicting with provisions of the Constitution securing to the citizen a trial by jury. Dillon, Vol. 1, p. 420, 3d Ed.
*1367 VIOLATING ORDINANCES BY CARRYING CONCEALED WEAPONS.
Carrying concealed weapons is a minor offence immediately tending to disturb the peace and security of the public. It is not always active and open and for that reason it is the more dangerous and reprehensible. It is of itself a disturbance and a violation of the peace and the quiet of the community for a person to put in his pocket a weapon to kill his fellow man in a chance quarrel or in a premeditated attack. It is a wrong directly affecting the public and a violation of peace and order. Though not classed as such it is a nuisance that ordinance properly seeks to abate.
By the charter the board of police have full power to make such laws and regulations as they may deem necessary for the good order and government of the town.
This authority covers ordinances adopted to maintain peace and order and none are more important to that end than the suppression of the habit of carrying concealed weapons for aggressive use. It is an offence against public order. Dillon, pp. 887-389 et seq., 3d Ed.
PENALTY.
The defendant urges as prejudicial error that the ordinance under which he was fined is in conflict with the section of the statute denouncing the offence of carrying concealed weapons and providing for its punishment. The penalty under the State law is fine or imprisonment, at the discretion of the court, not to exceed five hundred dollars, and the imprisonment not more than three months.
The minimum is not provided in the statute. In the ordinance of the law, assailed, the minimum is fixed at five dollars.
The derivative authority to impose the fine is not given by the statute. The imposition of the penalty is specially authorized by the charter.
The Legislature is competent to delegate to municipal corporations the power to make by-daws and ordinances. Dillon, p. 323, to the same effect.
The Legislature has delegated the-needful power to enforce the ordinances and authorized the imposition of a fine of not less than one hundred dollars.
The State has provided special regulations for the town. The charter penalties govern. “The charter, however, may expressly or, by necessary implication exclude the general laws of the State on any *1368 particular subject and allow the corporation to pass local laws at discretion which may differ from the rule in force elsewhere.” Cooley on Const. Limit., 6th Ed., p. 239.
A penalty imposed within the limits laid down by the charter can not conflict with the State law upon the subject.
The only question is one of power of the Legislature to delegate the authority. It is not at issue in the case; no pleading or argument is made with the view of assailing that authority. An ordinance adopted within the terms of a charter that is legal and valid can not conflict with a State law. f
The municipal authorities have adopted a minimum to be observed in imposing the penalty. The charter grants the power in general terms and has not limited the minimum amount imposable for the offence charged. Being authorized to impose a fine of not less than one hundred dollars, it is neither unreasonable, unjust or oppressive to provide that it shall not be less than five dollars. The grant of power is not violated by the limitation provided in the ordinance. The municipal council have not thereby enlarged or changed the charter. It is not precluded from declaring that within the limits it shall not be less than a certain minimum. It is just and reasonable to adjust the penalty to the circumstances of the particular case.
It is the exercise of a power within the province of local government. In endowing a community with corporate life, it was not the intention to hamper and control its functions within the most restricted bounds and prevent the exercise of some discretion in adopting a reasonable minimum within the limits of the penalty.
We are not authorized to annul and set aside the sentence as illegal and contrary to law.
The judgment appealed from is affirmed.