319 So.2d 347 (1975)
STATE of Louisiana, Appellant,
v.
Gilbert SUIRE, Appellee.
No. 56037.
Supreme Court of Louisiana.
September 5, 1975.
*348 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., for plaintiff-appellant.
John W. Johnson, Clanton & Johnson, Eunice, for defendant-appellee.
TATE, Justice.
The State appeals. The district court sustained the defendant Suire's plea of former jeopardy. The plea is based upon a prior conviction in Lake Arthur's Mayor's Court for violation of a municipal ordinance. The ordinance provided for criminal punishment of the identical conduct which forms the basis of the state charge.
The State appeals from dismissal of the prosecution. It chiefly contends that the mayor's court lacked jurisdiction to punish the offense, for reasons to be elaborated below. We should note that this prosecution is for an offense committed on December 18, 1974, before the effective date (January 1, 1975) of the Louisiana Constitution of 1974. Therefore, insofar as powers of a municipality are concerned, provisions of the Constitution of 1921 apply.

I
The facts are not disputed:
The defendant is here charged with commission of an aggravated battery with a dangerous weapon upon Ray Allen Labauve on December 18, 1974, in violation of La.R.S. 14:34 (a crime punishable by imprisonment of up to ten years at hard labor).
On the date of offense, for concededly the identical conduct, he was charged before the Lake Arthur mayor's court with disturbing the peace and aggravated battery, in violation of the Lake Arthur Criminal Code, Articles 21 (aggravated battery[1] and 65 (disturbing the peace) (1965). On the following day (December 19) the defendant pleaded guilty in the Lake Arthur mayor's court to these municipal charges. He was fined one hundred *349 dollars and sentenced to thirty days imprisonment, (the jail term was suspended.[2]
The district court held that, by virtue of the double jeopardy provisions of the state and federal constitutions, the prior conviction in mayor's court for violation of the municipal ordinance bars the subsequent prosecution in district court for violation of a state statute punishing the identical criminal conduct. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970[3]); State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La.1974); State v. Didier, 262 La. 364, 263 So.2d 322 (1972); State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972). See also State v. Andrus, 250 La. 765, 199 So.2d 867, 876 (1967).

II
The State concedes that the trial court ruling is correct if indeed the defendant was put in jeopardy by the first prosecution in mayor's court. The State points out, however, that jeopardy on a first prosecution does not attach if for the first trial "The court was illegally constituted or lacked jurisdiction." La.C.Cr.P. art. 595(1).
The State contends, essentially, that the mayor's court lacked jurisdiction of the first prosecution because the Lake Arthur Criminal Code is unconstitutional as inconsistent with or in violation with state law, especially in attempting to punish an aggravated battery as a misdemeanor when the state had defined it as a felony subject to prosecution by the state.
The State's contention fails.
In the first place, the Lake Arthur mayor's court had jurisdiction to punish violations of the Lake Arthur municipal ordinances punishing criminal conduct. La. Const, of 1921, Art. 7, Section 51E (1968); La.R.S. 33:441 (1950). We are cited to no authority by reason of which a prosecution under a municipal ordinance, presumed constitutional at the time, can be held to be invalid in a subsequent prosecution for purposes of avoiding double jeopardy, i. e., by declaring the ordinance unconstitutional subsequent to the conviction and punishment thereunder.
In the second place, in the present instance the municipal prosecution for the identical conduct was for violation of a municipal regulation punishing a disturbance of the peace, as well as of the regulation punishing an aggravated battery as a municipal crime. The State concedes that the former regulation, at least, is valid. We see no reason why punishment for the battery as a disturbance of the peace does not bar subsequent prosecution under the state statute of the identical act. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972); State v. Augustine, 29 La.Ann. 119 (1877); State v. Cheevers, 7 La.Ann. 40 (1952).
As summarized in State v. Andrus, 250 La. 765, 199 So.2d 867, 876: "The test approved in this state is whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction on the first." Under our law, it is immaterial if the first prosecution is for a misdemeanor and the second is for a felony. State v. Didier, 262 La. 364, 263 So.2d 322 (1972).
Finally, with little doubt the Lake Arthur municipal ordinance defining and punishing both offenses was a valid enactment under the 1921 constitution.
*350 That constitution granted to municipalities the power to adopt police regulations, if authorized by general state law and not inconsistent or in conflict therewith. Article 14, Section 40 (1952). Lawrason Act municipalities such as Lake Arthur were specifically delegated the right to enact police regulations necessary for the preservation of good order and the peace of the municipality and to provide for the penalties provided by the present ordinance. La.R.S. 33:401(6), (32) (1950).
The municipal regulations punishing batteries and breaches of the peace are valid exercises of the power of a municipality to enact police regulations to protect good order and peace within the municipality, within the authority delegated to a municipality by and under the 1921 constitution. Town of Ponchatoula v. Bates, 173 La. 824, 138 So. 851 (1931); Board of Police, etc. v. Ciron, 46 La.Ann. 1364, 16 So. 190 (1894).
The regulations are not inconsistent or in conflict with state statutes. In this regard, it is immaterial that the same conduct is punished by both state and municipality in the concurrent exercise of police power, Town of Ponchatoula v. Bates, cited above, nor that the municipal ordinance makes the conduct subject to lesser punishment than the state statute penalizing the same crime, Board of Police, etc. v. Giron, cited above. Implicitly recognizing these well-settled and little-litigated principles are decisions invalidating municipal regulations only because they provide a greater penalty than the state statute punishing the same crime. McAllister v. City of New Orleans, 255 La. 405, 231 So.2d 368 (1970); Town of Waterproof v. Towles, 180 La. 168, 156 So. 211 (1934).
The state does not cite any decisions or authority to the contrary of the principles above summarized. Rather, it relies on jurisprudence which, distinguishably from the present, invalidated local ordinances which were not authorized by general state law or which provided substantive regulation in conflict with or inconsistent with substantive regulation by state general law of the same subject matter: National Food Stores of Louisiana v. Cefalu, 280 So.2d 903 (1973); City of Alexandria v. LaCombe, 220 La. 618, 57 So.2d 206 (1952); and decisions cited therein.

Decree
For the reasons assigned, we affirm the district court judgment upholding the plea of former jeopardy and dismissing this prosecution.
Affirmed.
TATE, J., also assigns additional concurring reasons.
TATE, Justice (concurring).
The writer feels it to be appropriate to note an issue we did not reach in the court's opinion.
The arguments made to us touched at length at the validity or not of the Lake Arthur municipal ordinance under the Louisiana Constitution of 1974. As earlier noted, since both the offense committed and the plea to guilty of violation of the municipal regulations took place prior to the effective date (January 1, 1975) of the new constitution, the validity or not of the Lake Arthur municipal police regulations was determined in the light of pertinent provisions of the Constitution of 1921.
Nevertheless, as the parties to this appeal note, different provisions of the Constitution of 1974 affecting powers of local government may well involve different considerations, whether or not the result reached is the same.
In general, the 1974 constitution confers broader powers of regulation on local government, including (with exceptions) any *351 power necessary or proper for the management of its affairs not denied to it by general state law. Article VI, Sections 5(E) and 7(A). That is, in such instances the powers to make local ordinances on a given subject matter need not be delegated to the local government by the legislature, as under the 1921 constitution. See Kean, Local Government and Home Rule, 21 Loyola L.Rev. 63 (1975) (contained within a symposium on the 1974 constitution).
One of the few limitations on the power of local governmental bodies prohibits them from enacting ordinances which "define and provide for the punishment of a felony". Article VI, Section 9(A)(1). The issue thereby posed is whether the constitutional intent was to limit the power of municipalities to impose imprisonment at hard labor for a violation of a municipal regulation, or whether instead the intent was to exempt from local regulation any conduct which the state legislation punishes as a felony.
Despite the earnest insistence of the State that we attempt to clarify this intent, this court did not feel it appropriate to do so in this case. The issue is not directly before us, and the general policy of this court is to refrain from rulings on abstract questions by way of advisory opinion.
Further, by the time the question does arise in an actual proceeding, clarifying legislation may have been enacted. For instance, the legislature might either deny local governments the power to enact police regulations punishing conduct which the state punishes as a felony; or else it might confirm the concurrent police power of the state and local government in such instances and continue as in the past to rely upon co-ordinated law enforcement policies to avoid the possibility of abuse represented by (in this case) a good faith exercise of local criminal powers.
The writer does not, however, feel it inappropriate to note the possible need for legislative attention to the problem of concurrent state and local police regulation under the 1974 Constitution, insofar as it may affect the former jeopardy problem now before us.
NOTES
[1] The municipal ordinance defines aggravated battery identically to the definition of the state statute, La.R.S. 14:34: "Aggravated battery is a battery committed with a dangerous weapon."
[2] If this be material, it is conceded that the plea was entered in the normal course of events and without any collusive purpose to avoid state prosecution.
[3] Prior to the Waller decision holding to the contrary, La.C.Cr.P. art. 597 (1966) provided that double jeopardy by prosecution of a state violation does not arise from a former prosecution under a municipal or parochial ordinance. Recognizing Waller, this Louisiana enactment was amended so as to remove this bar to application of double jeopardy. Act 648 of 1972.