504 So.2d 1060 (1987)
Bryan BUSH, ex rel. STATE of Louisiana
v.
Lynn WILLIAMS, et al.
Bryan BUSH, etc.
v.
Lynn WILLIAMS, et al.
Nos. 86 CA 1276, 86 CA 1502.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
Writ Denied April 20, 1987.
*1061 Bryan Bush, Baton Rouge, pro se.
Frank J. Gremillion, Asst. Parish Atty., Baton Rouge, for defendant-appellant Lynn Williams and Ralph Tyson.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
Bryan Bush, District Attorney for the Nineteenth Judicial District, filed a petition in the Nineteenth Judicial District Court seeking to have the trial court enjoin the city prosecutor from prosecuting criminal violations of municipal ordinances in the City Court of Baton Rouge when such criminal conduct is also proscribed by similar or duplicate state statutes. A supplemental petition was later filed which alleged that James Andrew Dobson was charged by affidavit in Baton Rouge City Court by the city prosecutor with violation of ordinance numbers 11:140, operating a vehicle while intoxicated, and 13:35, simple battery. It was additionally alleged that Theresa Mansur was charged by affidavit by the city prosecutor in the Baton Rouge City Court for violation of ordinance 11:140, operating a vehicle while intoxicated. The district attorney, by bill of information, charged Dobson with violation of La.R.S. 14:98, driving while intoxicated, and La.R.S. 14:35, simple battery; and Mansur with violation of La.R.S. 14:98. The charges, filed in the Nineteenth Judicial District Court, stem from the same conduct which served as a basis for the charges filed in Baton Rouge City Court. The district attorney sought to have the city prosecutor and parish attorney enjoined from prosecuting the Dobson and Mansur cases in Baton Rouge City Court.
The trial court issued an injunction permanently enjoining the city prosecutor and parish attorney from prosecuting the cases pending against Dobson and Mansur. However, the trial court denied the district attorney's prayer for injunctive relief and mandamus for other pending City-Parish cases which had not been billed for violation of state law by the district attorney. From this judgment both parties appeal.
The district attorney alleges as error the trial court's failure to grant an injunction prohibiting the parish attorney and city prosecutor from continuing to prosecute cases involving violations of city ordinances which duplicate state criminal statutes, and for denial of a writ of mandamus ordering defendants to "turn over the prosecution of those cases" to the district attorney.
The city prosecutor and parish attorney allege that the trial court erred in granting a permanent injunction prohibiting the city prosecutor from proceeding in the city court prosecutions of Mansur and Dobson, and in holding that the district attorney is constitutionally empowered "to obtain an injunction prohibiting city court prosecutions of violations of city ordinances where the ordinance is similar to a state criminal statute, and the district attorney has filed a similar state prosecution."
The district attorney does not contest the authority of the City of Baton Rouge to enact city ordinances or the authority of the city prosecutor to prosecute an individual for violation of a city ordinance. Consequently, the validity of the city ordinances is not at issue.[1] The issue before *1062 us is where an individual's conduct has violated both a state criminal statute and a presumed valid city ordinance which proscribes the same conduct, does the district attorney's authority to prosecute under the state statute supercede the authority of the city prosecutor to prosecute under the city ordinance? We hold that it does not.
The right of the City of Baton Rouge to enact ordinances which prohibit certain criminal conduct and to have those violations prosecuted in city court stems from the Home Rule Charter enacted under the authority of Article XIV, Section 3(a), of the Louisiana Constitution of 1921. The Louisiana Constitution of 1974 continued in effect existing Home Rule Charters and the powers, functions and duties empowered by those charters. LA. CONST. art. VI, § 4. In local governmental matters it appears that the powers of a home rule charter form of government may be as broad as the powers of the state, except in those instances where limited by the constitution, constitutionally permitted laws or its own home rule charter. Francis v. Morial, 455 So.2d 1168 (La.1984). The only constitutional limitation placed on local governmental entities is that they are prohibited from "defining and providing for the punishment of a felony;" enacting ordinances governing private or civil relationships, except as provided by law; and "the police power of the state can never be abridged." LA. CONST. art. VI, § 9. Thus, the city prosecutor provided for by Section 11.01 of the Plan of Government of the Parish of East Baton Rouge and the City of Baton Rouge as amended November 8, 1966, is constitutionally mandated to carry out the function provided for by that charter which is the prosecution of violations of ordinances in city court.
The power of city prosecutors to prosecute violations of municipal ordinances in city court does not conflict with the constitutionally mandated powers of the district attorney. That mandate is found in LA. CONST. art. V, § 26(B) which provides that the district attorney "shall have charge of every criminal prosecution by the state in his district". A reading of the records of the Constitutional Convention of 1973 indicate that the convention delegates did not intend for the district attorney to have charge over criminal prosecutions for violations of municipal ordinances. As a result, the wording of Article V, Section 26(B) was changed from the proposed "will have charge of all criminal prosecutions in his district" to "shall have charge of every criminal prosecution by the state in his district."[2] (emphasis ours). Thus, the district attorney has charge of state criminal prosecutions within his district and the city prosecutor is accorded the same prerogative in prosecuting violations of city ordinances in city court. LA. CONST. art. V, § 26(B); La.C.Cr.P. arts. 934(5), (10), (11), and 61; State v. Norwood, 351 So.2d 122 (La.1977); Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La.L.Rev. 765 (1977). The district attorney is thus not entitled to obtain an injunction prohibiting the city prosecutor or parish attorney from prosecuting cases arising from violations of presumed valid ordinances which are similar to or duplications of, state criminal statutes, whether or not the district attorney has filed charges under a state criminal statute.
There is no constitutional or statutory authority for the district attorney to supercede *1063 a prosecution by a city prosecutor for violations of municipal ordinances. In fact where the city attorney is designated as the prosecuting officer in a city court, the city attorney is defined as the "district attorney" for that purpose. La.C.Cr.P. art. 934(5). This indicates legislative intent that the city prosecutor has the same authority to prosecute violations of municipal ordinances as does the district attorney when the city prosecutor is designated by law as the prosecuting officer in a city court.
We are aware that concurrent jurisdiction of city and district courts as well as the concurrent authority of the district attorney and city prosecutor to file charges and prosecute under respective state criminal statutes and city ordinances may unfortunately result in a "race to the courthouse." A "race to the courthouse" in turn results in a waste of funds and manpower by the offices of the district attorney and parish attorney or city prosecutor. An additional problem was stated by the Louisiana Supreme Court as follows: "We know of no constitutional principle that prevents the filing of appropriate charges against a defendant in several courts of concurrent jurisdiction. If, however, jeopardy attaches in one court, claims of double jeopardy will prevent the defendant from being tried in another court for the same offense." State v. Norwood, 351 So.2d at 124. However deplorable the situation may be, the solution to this problem rests with the legislature, not the courts.[3]
The situation is no different as to the DWI charges in the Mansur and Dobson cases. Under former La.R.S. 13:1894.1 as enacted by Act No. 233 of 1970, the legislature provided that all charges arising from the operation of a motor vehicle under the influence of alcohol or drugs must be prosecuted under La.R.S. 14:98. The city prosecutor was authorized to prosecute under La.R.S. 14:98 when the violation occurred within the territorial limits of the city. This provision was held to be an unconstitutional limitation of the powers of the district attorney as provided in LA. CONST. art. 5, § 26(B) since it was an obvious attempt to abridge the control of the district attorney over state charges. City of Baton Rouge v. Short, 345 So.2d 37 (La.1977). As a result of City of Baton Rouge v. Short, La.R.S. 13:1894.1 was amended to specifically confer on the city, parish and municipal courts concurrent jurisdiction with the district courts over first and second offenses of driving while intoxicated under La.R.S. 14:98 or under an applicable city or parish ordinance which incorporates the standards, elements and sentences contained in La.R.S. 14:98. However, charges must be prosecuted by the city prosecutor when charged under a city ordinance and by a district attorney when charged under La.R.S. 14:98. La.R.S. 13:1894.1. This was simply a statement in DWI cases of what is already the law. The law is the same for the simple battery charge which has been charged by the city prosecutor as violating a city ordinance and by the district attorney as violating state law.
Accordingly, the judgment of the trial court is affirmed in part and reversed in part. Costs of this appeal, totalling $451.98 are assessed against the Office of the District Attorney.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] Since no attack is made on the validity of these ordinances, we do not reach the question of the constitutionality of city ordinances which duplicate crimes which are felonies under state law. In view of LA. CONST. art. VI, § 9(A)(1) which prohibits a local governing body from enacting ordinances which "define and provide for the punishment of a felony" such attack would raise serious questions. Enforcement of LA. CONST. art. VI, § 9(A)(1) would solve the problem of loss of a state prosecution of a felony because of double jeopardy where a local ordinance duplicates the same and prosecution has already taken place under the ordinance. However, that the contrary view may prevail is indicated by State v. Foy, 401 So.2d 948 (La. 1981), especially the concurring opinion of Justice Dennis at 401 So.2d 950-951. The Foy opinion was decided on the narrow issue of "standing" so the problem is unresolved.
[2] See VI Records 971-972. Delegate Burton stated that the purpose of amending the proposed language of Article V, section 26(B) is:

[T]o make it plain that we are referring in the district attorneys' powers only to state prosecutions and not to municipal or city prosecutions for violations of city ordinances.... [A]fter the word "prosecution", we add the words, "by the state", because all prosecutions handled by the district attorney would be styled State of Louisiana vs. so and so, and municipal or city prosecutions would be the City of New Orleans and so on vs. the defendant.
VI Records 972.
[3] Home Rule Charters cannot abridge the police power of the state. LA. CONST. art. VI, § 9(B). The police power extends to the protection of the lives, health and property of the citizens of the state and to the preservation of good order. See City of Shreveport v. Cunningham, 190 La. 481, 182 So. 649 (1938). The state in the exercise of its police power might provide for the method of prosecution of criminal cases as requested here by the district attorney. The state might also prohibit municipalities from duplicating felonies, if the Constitution has not already done so. See footnote # 1, above. It might even prohibit the duplication of misdemeanors. So far it has not done anything although suggestion was made that a problem exists which warrants legislative attention as far back as 1975. See State v. Suire, 319 So.2d 347, 350 (La.1975) (Tate, J., concurring).