Dear Senator Jordan:
Your request for an opinion concerning the adoption of specific ordinances has been forwarded to me for research and reply. You asked:
 May the City of Lafayette adopt specific ordinances substantially identical with state statutes (cited in your request), and prosecute the violation of such ordinances by a city attorney in its municipal court?
In response to your request, we answer in the affirmative. InBush ex rel. v. Williams, 504 So.2d 1060 (La.App. Cir. 1987), writ denied, 505 So.2d 1131 (La. 1987), the First Circuit addressed this issue by stating in pertinent part:
 In local governmental matters it appears that the powers of a home rule charter form of government may be as broad as the powers of the state, except in those instances where limited by the constitution, constitutionally permitted laws or its own home rule charter (citation omitted). The only constitutional limitation placed on the local governmental entities is that they are prohibited from "defining and providing for the punishment of a felony;" enacting ordinances governing private or civil relationships, except as provided by law; and "the police power of the state can never be abridged." LA-CONST. art. 6 § 9.
Id. at 1062.
I also reaffirm and enclose a copy of Attorney General Opinion Number 93-198, May 13, 1993, which recognizes that a municipality, as part of its police power, may punish the same conduct as the state. While acknowledging the constitutional limitations noted above, that opinion also cites State v.Suire, 319 So.2d 347 (La. 1975). Suire states that a municipality may not provide a greater penalty than the state statute punishing the same crime. Id at 350.
Although a municipal ordinance and a state statute may prohibit the same conduct, neither is superior to the other. Because of this and double jeopardy requirements, the Williams
court stated that this concurrent jurisdiction will create a "race to the courthouse" between the municipality and the district attorney's office. Williams at 1062. This is to say that the first proceeding, municipal or state, to meet double jeopardy requirements will preclude the other. SeeWaller v. Florida, 90 S.Ct. 1184 (1970) (holding that because a municipal and state court are part of one sovereign judicial system, successive prosecutions are not prosecutions by separate sovereigns).
In conclusion, it is the opinion of this office that a municipality may adopt ordinances which "track" the language of state statutes as long as the municipality does not attempt either to provide for the punishment of felonies or to provide for a greater penalty than the state statute punishing the same crime. Furthermore, the first proceeding, municipal or state, to invoke double jeopardy requirements will preclude all other proceedings under Waller.
If our office can be of further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours
 RICHARD P. IEYOUB Attorney General
 By: _______________________ DONALD W. NORTH Assistant Attorney General