Dear Mr. Johnson:
Your request for an opinion concerning the jurisdiction of Mayors' Courts has been forwarded to me for research and reply. Specifically, you have asked the following questions:
 1. Does La. R.S. 13:1894.1 prohibit a mayor's court from adjudicating an offense under La. R.S. 14:98 or an equivalent local ordinance?
 2. Does a mayor's court have any jurisdiction over juvenile matters?
 3. May a municipality enact a misdemeanor ordinance that proscribes the same conduct as a state felony statute; and if so, does a prosecution by one governmental entity bar subsequent prosecution by the other governmental entity?
The first issue to be addressed is whether a mayor's court may properly exercise jurisdiction over prosecutions for driving while intoxicated. Regardless of whether the criminal offense is charged under state statute (La. R.S. 14:98) or local ordinance, the result remains the same: A mayor's court has no jurisdiction over DWI prosecutions. Under La. R.S. 13:1894.1(B), mayors' courts have been clearly divested of authority in such cases. This statute provides, in pertinent part:
"However, mayors' courts shall have no jurisdiction whatsoever over violations as provided for by R.S. 14:98, nor to the trial of offenses against municipal ordinances relative to prosecutions on charges of driving while intoxicated."
Thus, by the explicit provisions of La. R.S. 13:1894.1, mayors' courts remain wholly without authority to entertain prosecutions for driving while intoxicated, regardless of whether they arise under state statute or local law.
Likewise, mayors' courts have no juvenile jurisdiction as well. Pursuant to Article V § 19 of the Louisiana Constitution, the Legislature enacted La. Ch. C. art. 302, defining the juvenile jurisdiction of Louisiana's courts. Therein, specific reference is made to special juvenile courts, district courts, parish courts, and city courts; however, the statute makes absolutely no reference to mayors' courts. In addition, the Children's Code itself expressly excludes mayors' courts from what it regards as a "court". The term "court" is defined by La. Ch. C. art. 116(4) to mean "any city, parish, district, or juvenile, or its judge, when exercising juvenile jurisdiction . . ."; but more importantly, for present purposes, article 116(4) also states that the term "does not include a judge of a mayor's court or a justice of the peace." Thus, when read in tandem, these various provisions clearly indicate that mayors' courts also cannot exercise juvenile jurisdiction.
Where a mayor's court is improperly exercising jurisdiction over DWI prosecutions or juvenile matters, the proper remedy for the aggrieved prosecutorial entity is to seek an injunction to permanently enjoin the mayor's court from exercising such improper jurisdiction. Additionally, Louisiana law recognizes that there is no double jeopardy problem where the initial court had no authority. Under La. C.Cr.P. art. 595, "a person shall not be considered as having been in jeopardy in a trial in which: (1) the court was illegally constituted or lacked jurisdiction." Thus, there exists no double jeopardy bar to prosecutions for DWI and juvenile prosecutions previously handled by the mayor's court.
The next issue to consider is whether a municipality may enact a misdemeanor ordinance that proscribes the same conduct as a state felony statute. From the outset, there exists no doubt that a municipality may not provide for the punishment of a felony. La. Const. Art. VI § 9. However, controversy has long surrounded the possible concurrent jurisdiction of state law and municipal ordinances — i.e. the grey area where local misdemeanor laws and state felony statutes prohibit the same conduct.
Formerly, Louisiana's courts had held that it was permissible for a municipality to enact misdemeanor ordinances that mirror state felony statutes. State v. Suire,319 So.2d 347 (La. 1975); see also State v. Foy, 401 So.2d 948
(La. 1981). Moreover, the courts also held that prosecutions by a municipality under their misdemeanor laws would bar any subsequent prosecution by the State because of double jeopardy.Id. The prosecutorial dilemma posed by such concurrent jurisdiction — the notorious "race to the courthouse" — evidenced a "need for legislative attention to the problem of concurrent state and local police regulation under the 1974 Constitution." Suire at 351 (Tate, J. concurring) (emphasis added). Therefore, in 1983, the Legislature heeded the Supreme Court's suggestion through passage of 1983 La. Acts, No. 531 § 1.
This act provides for preemption by state law. Now codified at La. R.S. 14:143, it provides in pertinent part:
No governing authority of a political subdivision shall enact an ordinance defining as an offense conduct that is defined and punishable as a felony under state law.
Nevertheless, the scope and constitutional ramifications presented by La. R.S. 14:143 remained unaddressed by the courts until 1995. However, in City of Baton Rouge v. Ross,654 So.2d 1311 (La. 1995), the Supreme Court recognized La. R.S.14:143 as the definitive resolution of the jurisdiction problem in favor of the State. In Ross, a municipal ordinance prohibiting drug traffic loitering was held expressly preempted by legislative enactment. The Supreme Court held that the purpose of La. R.S. 14:143 is to prevent local governments from passing criminal ordinances defining as a misdemeanor the "same offense" (as that term is understood in the double jeopardy context) otherwise proscribed by state felony statute. Id, at 1318. The Court found that such preemption is a constitutional exercise of legislative authority, even as it is directed at those local governments that function under a home rule charter. Accordingly, municipal ordinances defining a misdemeanor offense will be preempted by similar state felony statutes.
The Ross decision also clearly defines the preemption process — "preemption of a local ordinance under this statute [is] accomplished through a facial
challenge of the ordinance as written, and not from one or more case-by-case adjudications based upon particular facts."Id. at 1321. Consequently, "if the ordinance, according to its plain language, presents a substantial risk that it will place a defendant in `jeopardy' so as to bar a subsequent state felony prosecution, that ordinance must fall."Id. The Court in Ross also identified exactly what municipal ordinances fall within the scope of La. R.S. 14:143 — "the statute is meant to preempt any penal ordinance which is sufficiently similar to a state felony statute as to constitute the `same offense' for double jeopardy purposes." Id.
Thus, a municipality may no longer enact a misdemeanor ordinance that proscribes the same conduct as a state felony statute. Any conflicting municipal ordinance will be preempted by state statutes in accordance with La. R.S. 14:143. Accordingly, the Supreme Court's decision in Ross
supports the present difference with former opinions issued by this office regarding concurrent jurisdiction (e.g. Attorney General Opinion No. 94-399).
Therefore, it is the opinion of this office that a mayor's court is prohibited by statute from exercising jurisdiction over prosecutions for driving while intoxicated or juvenile matters. In addition, a municipality cannot enact a misdemeanor ordinance that proscribes the same conduct as a state felony statute.
If our office can be of further assistance, please do not hesitate to contact us. With kindest regards, I remain
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ Mary E. Hunley Assistant Attorney General