11 JOHNSON, Justice,
dissenting.
The penalty provided by Title 13:1019 is within the statutory limit set by the legislators for misdemeanors. When a municipality enacts an ordinance within the statutorily acceptable limits for penalties, state authority is not contravened. City of Baton Rouge v. Williams, 661 So.2d 445, 450 (La.1995). As long as municipalities do not exceed this limit, the state’s law enforcement objectives are not defeated. Moreover, because Title 13:1019 only punishes first and second offenses as misdemeanors, which are also misdemeanors under state law, Title 13:1019 is not expressly preempted by La. R.S. 14:143.
The fact that Title 13:1019 duplicates La. R.S. 40:1033 is inconsequential. A mere duplication of state statutes does not impinge on the state’s police power. Id. The constitution has clearly specified the state’s vital interest in defining and providing for the punishment of felonies. Because the constitution fails to make such a provision concerning misdemeanors, this court has inferred, from this failure to speak, that state law misdemeanors may be duplicated and penalties set without abridgement of the state’s police power as long as the penalty remains within the municipality’s maximum allowable range of penalties for misdemeanors. Furthermore, as recognized by this court in City of Baton Rouge v. Williams, if the state did not mean to allow some degree of discretion on the part of municipalities, it would not have granted them the power to enact misdemeanor ordinances and would have delineated more specifically the limits of acceptable penalties. Prosecutorial discretion in choosing which of two identical statutes to prosecute a defendant was upheld by the United States Supreme Court in United States v. Batchelder, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), with the proviso that “when more than one criminal statute has been violated, the government may prosecute under either statute without violating the equal protection clause, as long as it has ‘not 12discriminate[d] against any class of defendants.’” Wayland R. Walker, Jr., City of Baton Rouge v. Williams: The Louisiana Supreme Court Expands Home Rule Police Power, 70 Tul. L.Rev. 1751 (1996).
Analogously, this court has recognized that municipal regulations punishing batteries and breaches of the peace are valid exercises of the power of a municipality to enact police regulations within the authority delegated to it under the 1921 constitution, even though these crimes are also state offenses. State v. Suire, 319 So.2d 347 (La.1975). This court noted in Suire that as long as the regulations are not inconsistent or in conflict with state statutes, it is immaterial that the same conduct is punished by both state and municipality in the concurrent exercise of police power. Id., citing Town of Ponchatoula v. Bates, 173 La. 824, 138 So. 851 (La.1931). Furthermore, any conflict which would arise from the ability to enforce both the city and state ordinances is not great enough to cause a disruption in state law-making efforts. See Williams, 661 So.2d at 450. If a municipality could validly enact a misdemeanor ordinance *275 under the 1921 constitution, it can certainly do so with its expanded powers under the 1974 constitution. Thus, the City of Baton Rouge has the power to enact misdemeanor criminal ordinances which duplicate the substance of state law provisions, as long as the state’s police power is not abridged.
For the foregoing reasons, I would reverse the judgment of the trial court, and find that Baton Rouge City Ordinance Title 13:1019, Drug Paraphernalia Prohibited, is constitutional.