Dear Mayor Sonnier:
Our office has received your request for an Attorney General opinion concerning the Town of Basile and its adoption of an ordinance making the possession of a low quantity of marijuana a misdemeanor. Your interest was in determining whether your mayor's court has jurisdiction to try cases involving simple possession of marijuana.
While searching for an answer to this question my research has revealed this request has previously been answered in Louisiana Attorney General Opinion No. 84-932, a copy of which is attached.
With the exception of a few changes Opinion number 84-932 is still applicable. La.R.S. 33:441(A) remains the same, however now the court costs a mayor is allowed to impose for each offense is not to exceed thirty dollars, not fifteen dollars. Another section of the opinion that no longer applies is La.R.S. 33:401(A)(6). La.R.S. 33:401 has been repealed by the legislature. The authority for a municipality to enact ordinances prohibiting possession of marijuana is now derived from La.R.S. 33:362. Under La.R.S.33:362(A)(2)(b) the board of aldermen are allowed to "Enact ordinances and enforce the same by fine not to exceed five hundred dollars or imprisonment not exceeding sixty days, or both." First offense possession of marijuana fits under this guideline.
Since the first offense possession of marijuana is a misdemeanor, a municipality may adopt a similar prohibition by ordinance. The mayor's court will have jurisdiction to try these cases once the municipality has adopted an ordinance prohibiting such conduct.
I hope this opinion has satisfactorily answered your question. Please let us know if we can be of any further assistance. With warmest regards, I remain
 Very Truly Yours, RICHARD P. IEYOUB Attorney General
 By: ___________________________ Marty White Assistant Attorney General
Date Received:
Date Released: August 28, 2001
*1 OPINION NUMBER 84-932
February 4, 1985
COURTS 15 R.S. 33:441 (A)
A mayor's court does have jurisdiction over first offenses of possession of marijuana when a city has adopted an ordinance prohibiting such conduct.
Honorable Anthony Calcagno Mayor Post Office Drawer 340 Gramercy, Louisiana 70052
Dear Mayor Calcagno:
Thank you for your request for the Attorney General's opinion regarding the jurisdiction of a mayor's court over possession of marijuana offenses. Your questions, as I appreciate them, are as follows:
(1) Is possession of less than one ounce of marijuana classified as a misdemeanor or a felony?
(2) Does a mayor's court have jurisdiction to try offenses involving marijuana possession when a municipal ordinance prohibits such possession?
In response to your first question, R.S. 40:966 (D) provides that a first conviction for violation of marijuana possession laws is punishable by a fine of not more than $500, imprisonment in parish jail for not more than six months, or both. Since it is not a capital offense nor is it punishable by a sentence of hard labor, the first conviction of marijuana possession is classified as a misdemeanor.
In answer to your second question, I refer you to R.S. 33:441 (A):
A. Except as provided in Chapter 7 of Title 13, there shall be a mayor's court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof. Notwithstanding any other provision of law to the contrary, the mayor may also impose court costs not to exceed fifteen dollars for each offense, as defined by ordinance, on any defendant convicted of a violation of a municipal ordinance.
This statute gives jurisdiction to a mayor's court over all violations of municipal ordinances. A city has the authority to enact municipal ordinances prohibiting possession of marijuana based on the following statutes:
R.S. 33:401 (A) (6)
To make all police regulations necessary for the preservation of good order and the peace of the municipality; — and to prevent injury to, destruction of, or interference with public or private property.
R.S. 14:143
No governing authority of a political subdivision shall enact an ordinance defining as an offense conduct that is defined and punishable as a felony under state law.
R.S. 14:143 as cited above places limits on a city so that it is restricted from enacting an ordinance which would punish an act considered a felony under state law.
Because the first offense of possession of marijuana is a misdemeanor according to state law, a municipality may adopt a similar prohibition by ordinance. A mayor's court has jurisdiction to hear cases involving offenses of this ordinance.
Jurisprudence reinforces this interpretation of the law:
"Mayor's courts are courts which have jurisdiction to conduct trials, determine guilt, and impose sentences including fines and imprisonment for breach of municipal ordinances."
*2 State v. Foy, 401 So.2d 948 At 949 (La. 1981)
In conclusion, it is the opinion of this office that a mayor's court does have jurisdiction over first offenses of possession of marijuana when a city has adopted an ordinance prohibiting such conduct.
Thank you again for writing. If I may be of further assistance on this or another issue, please do not hesitate to contact me.
Sincerely,
William J. Guste, Jr. Attorney General
By: Rene Salomon Assistant Attorney General
La. Atty. Gen. Op. No. 84-932, 1985 WL 203411 (La.A.G.)