Dear Mr. Picard:
As Marshal of the City Court of Lafayette, you have requested an Attorney General opinion addressing the following issue:
Whether the Lafayette Parish Sheriff's Office through its Department of Corrections had the authority under R. .S. 15:764 to refuse to accept into its jail persons arrested for driving under the influence of intoxicating substances and instead issue such persons a summons to appear to the respective court within 45 days?
R.S. 14:98 defines the crime of operating a vehicle while intoxicated and provides that first and second offenses are considered misdemeanors, while third or more offenses are considered as felonies.
R.S. 13:1894.1 gives authority to city, parish or municipal courts only to adjudicate first and second violations of operating a vehicle while intoxicated and furthermore provides that all city or parish ordinances of operating a vehicle while intoxicated shall conform to the provisions of R.S. 14:98. see Bush v. Williams, 504 So.2d 1060 (AL. App.1st Cir. 1987).
R.S. 15:764 allows the Parish Sheriff to declare a state of emergency for prison overcrowding during the time in which the prison bed population exceeds the rated design population for seven days and to issue summons to appear to persons charged with violating certain offenses rather than following certain formal booking procedures. *Page 2 
R.S. 15:764 (B)(1) limits the Sheriffs authority to issue appearance summons to "only persons charged with violations of municipal ordinances which are nonviolent offenses shall be eligible for such release."
The Sheriff may not use R.S. 15:764 as a basis to issue an appearance summons in lieu of formal booking for the charge of operating a vehicle while intoxicated under R.S. 14:98, the state statute. Since all third and greater offenses of driving while intoxicated must be prosecuted under the state statute, R.S. 14:98, the Sheriff may not issue an appearance summons to such persons. Per C.Cr.P. Art. 61, since the District Attorney has the sole authority to determine the appropriate level of offense under R.S. 14:98, the Sheriff does not have discretion to issue an appearance summons to a person arrested for driving while intoxicated, third or greater offense. see State v. Matteson, 833 So.2d 1199 (La.App. 2nd Cir. 2002). Additionally, since R.S. 14:98 is not a municipal ordinance, R.S. 15:764 cannot be used to issue an appearance summons in lieu of formal booking.
A person charged with operating a vehicle while intoxicated under any parish or municipal ordinance or a person charged under R.S. 14:98, second offense or higher, must install an interlock device as a condition of release on bail, per C.Cr.P. Art. 336.2; and only a court under "exceptional circumstances" may waive this requirement. To enter into a bond obligation and be released from the parish jail, a person booked for operating a vehicle while intoxicated must appear before a magistrate who is authorized to take the bail obligation, per C.Cr.P. Art. 327(3) and Art. 333. Release by a Sheriff through an appearance summons for operating a vehicle while intoxicated would be in violation of C.Cr.P. Arts. 327, 333, 336.2.
In conclusion, the Sheriff may not use R.S. 15:764 to issue an appearance summons to any person charged under R.S. 14:98, driving while intoxicated, in lieu of formal booking. Due to the requirements of C.Cr.P. Art. 336.2, the Sheriff may not issue an appearance summons in lieu of formal booking of a parish or municipal violation of driving while intoxicated. We hope the foregoing Opinion has adequately addressed your inquiry and has been of value and helpful.
 Very truly your,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 ____________________________ DAVID A. WEILBAECHER, JR. ASSISTANT ATTORNEY GENERAL